Marian L. DEWART, Linda M. Dewart and Kathy B. Baker, Appellants–Plaintiffs,

v.

Steven E. HAAB, Howard S. Hapner, and Washington Mutual Bank, Appellees–Defendants.

No. 43A04–0508–CV–476.

Court of Appeals of Indiana.

June 22, 2006.

Todd A. Richardson, Lewis & Kappes, Indianapolis, James L. Walmer, Warsaw, IN, for Appellants.

Stephen R. Snyder, Randall L. Morgan, Snyder, Birch, Cornwell & Morgan, LLP, Syracuse, IN, for Appellees.

**OPINION**

RILEY, Judge.

### STATEMENT OF THE CASE

Appellants–Plaintiffs, Marian L. Dewart (Marian), Linda M. Dewart (Linda), and Kathy B. Baker (Kathy) (collectively, the Dewarts), appeal the trial court's Order granting adverse possession to a tract of property in Kosciusko County, Indiana to Appellees–Defendants, Steven E. Haab (Haab), Howard S. Hapner (Hapner) and Washington Mutual Bank.

We reverse and remand.

### ISSUE

The Dewarts raise one issue on appeal, which we restate as follows: Whether the trial court's judgment quieting title in favor of Haab and Hapner under a theory of adverse possession is clearly erroneous.

### FACTS AND PROCEDURAL HISTORY[1]

■ The case before us involves an ownership dispute over 5.64 acres of real estate in rural Kosciusko County, Indiana located in the Northeast Quarter of Section 2, Township 34 North, Range 6 East (the Tract). This Quarter subsection consists of approximately 28 acres of land, of which the Tract is the southernmost 5.64 acres. Haab is the record title holder to a twenty-three acre tract of real estate immediately north of the Tract. Hapner is the record title holder of a 166' by 166' parcel in the southeast corner of Haab's twenty-three acre tract of real estate, and thus immediately to the north of the east 166 feet of the Tract. A twenty-acre parcel to the south of the Tract is owned by the Dewarts.

There has been no deed serving as the root of title for the Tract in excess of 124 years. However, the Dewarts claim to be record title holders of the Tract based on an Affidavit duly recorded in the Kosciusko County recorder's Office on January 11, 1961. The Affidavit, executed by Marian and her since-deceased husband, Harold Dewart (Harold), attested to their ownership of the Tract and was recorded for the express purpose of ensuring that the Dewarts would pay the taxes on the parcel.

---

1. Even though the Indiana Appellate Rules do not prohibit counsel to submit briefs held together with tape, we would like to draw the Dewarts' attention to Ind. Appellate Rule 43(J) (emphasis added) stating that "[The brief] shall be bound in book or pamphlet form along the left margin. *Any binding process which permits the document to lie flat when opened is preferred.*" A brief bound with tape does not lie flat.

Upon Harold's death, the Tract passed to Marian, and she later executed a quitclaim deed in favor of herself and her two daughters, Linda and Kathy.

In 1953, Haab's father purchased his twenty-three acre tract of real estate which he believed included the Tract. From 1953 until approximately 1962, Haab's father used the Tract as pasture for dairy cattle. Thereafter, from 1962 to the present, Haab has personally farmed the Tract by cultivating corn and soybeans.

In 1966, Hapner's parents purchased real estate believed to comprise the eastern portion of the Tract. Hapner and his family have resided on this eastern portion of the Tract since 1972. In 1990, Hapner's father conveyed title to the real estate by quitclaim deed to Hapner and his brother. Two years later, in 1992, Hapner's brother conveyed his interest to Hapner by quitclaim deed. In 2000, Haab conveyed thirty-three feet of additional real estate to Hapner intended to allow him to meet setback requirements necessary for a new modular home. Hapner subsequently purchased and placed a new modular home on the eastern portion of the Tract in the belief that it was part of his real property.

On October 28, 2003, the Dewarts filed two separate Complaints alleging trespass and seeking eviction remedies: Cause No. 43D01–0310–MI–820 was filed against Haab, while Cause No. 43D01–0310–MI–819 was filed against Hapner and Washington Mutual Bank, holder of Hapner's mortgage.[2] On January 19, 2004, Haab and Hapner, represented by the same counsel, filed a counterclaim seeking to quiet title by adverse possession in their respective portions of the Tract. On April 6, 2004, Hapner also asserted rights as an occupying claimant under Ind.Code § 32–30–3.1–1. On May 9, 2005, the trial court

conducted a consolidated one-day bench trial in the two causes. Subsequently, on May 25, 2005, the trial court, following the submission of proposed findings and conclusions by the parties, entered judgment in favor of Haab and Hapner, awarding them property rights to the Tract as adverse possessors. On June 21, 2005, the Dewarts filed a motion to correct error, which, after a hearing, was denied by the trial court on July 27, 2005.

The Dewarts now appeal. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

The Dewarts contend the trial court's judgment quieting title in favor of Haab and Hapner under the doctrine of adverse possession is clearly erroneous.

### I. Standard of Review

On appellate review of claims tried without a jury, we will not set aside the trial court's findings and judgment unless they are clearly erroneous and we give due regard to the trial court's ability to assess the credibility of the witnesses. Ind. Trial Rule 52(A). A judgment will be clearly erroneous when there is no evidence supporting the findings or the findings fail to support the judgment, and when the trial court applies the wrong legal standard to properly found facts. *Fraley v. Minger*, 829 N.E.2d 476, 482 (Ind.2005). While findings of fact are reviewed under the clearly erroneous standard, appellate courts do not defer to conclusions of law, which are reviewed *de novo*. *Id.* To determine that a finding or conclusion is clearly erroneous, an appellate court's review of the evidence must leave it with the firm conviction that a mistake has been made. *Id.* Where cases present mixed issues of fact and law, we have described the review as applying an abuse of discretion standard. *Id.*

---

**2.** Washington Mutual Bank did not file an    appellate brief.

## II. *Analysis*

The Dewarts' sole contention on appeal focuses on our supreme court's recent opinion in *Fraley v. Minger*, 829 N.E.2d 476 (Ind.2005) which synthesizes and rephrases the elements of adverse possession [3] while at the same time holding, as a supplemental requirement, that claimants must demonstrate compliance with the adverse possession tax statute. In the wake of *Fraley*, the Dewarts now maintain that the tax records unambiguously show that they were the exclusive taxpayers on the Tract. Accordingly, the Dewarts assert that Haab's and Hapner's adverse possession claim necessarily fails on this essential element.[4]

The Indiana adverse possession tax statute, I.C. § 32–21–7–1, formerly codified as part of Acts 1927, Chapter 42, Section 1, provides that:

> In any suit to establish title to land or real estate, possession of the land or real estate is not adverse to the owner in a manner as to establish title or rights in and to the land or real estate unless the adverse possessor or claimant pays and discharges all taxes and special assessments due on the land or real estate during the period the adverse possessor or claimant claims to have possessed the land or real estate adversely. However, this section does not relieve any adverse possessor or claimant from proving all the elements of title by adverse possession required by law.

In the first twenty-four years after it was enacted, the Indiana Supreme Court did not cite or rely upon the statute in seven decisions involving adverse possession. *See Fraley*, 829 N.E.2d at 489; *Floyd v. Inskeep*, 837 N.E.2d 569, 574 (Ind.Ct.App. 2005), *reh'g denied*. In 1955, the court eventually analyzed the adverse possession tax statute in *Echterling v. Kalvaitis*, 235 Ind. 141, 126 N.E.2d 573, 575 (1955), and concluded that it was inapplicable. Noting that complete legal descriptions of real estate are not frequently present on the tax duplicates issued by county or city treasurers, but rather are usually sketchy and inaccurate, the *Echterling* court held:

> [W]here continuous, open, and notorious adverse possession of real estate has been established for twenty years to a contiguous and adjoining strip of land such as that here in question, and here taxes have been paid according to the tax duplicate, although said duplicate did not expressly include that strip, adverse possession is established to that strip even though the taxes were not paid by the adverse claimant.

---

3. In *Fraley*, our supreme court synthesized and rephrased the elements of adverse possession, stating that "the doctrine of adverse possession entitles a person without title to obtain ownership to a parcel of land upon clear and convincing proof of control, intent, notice, and duration...." *Id.* at 486. Under the rephrased adverse possession elements, the control element takes into account the former elements of actual and exclusive possession. *Id.* Evidence of intent will reflect the former elements of claim of right, exclusive, hostile and adverse possession. *Id.* The notice element covers the former visible, open, notorious, and in some ways hostile elements. *Id.* And finally, the duration element is a restatement of the continuous element. *Id.*

4. In their conclusion, the Dewarts request this court to reverse the trial court's judgment and remand "with instructions to quiet title to the Tract in the Dewarts." Our review of the record reveals that the Dewarts never claimed or raised any arguments with regard to their purported adverse possession rights before the trial court. It is well established that a party cannot raise an argument for the first time on appeal. Nevertheless, in their reply brief, the Dewarts appear to concede this and merely ask us to remand with instructions to enter judgment in their favor.

*Id.* Reexamining the *Echterling* holding in *Fraley,* our supreme court reaffirmed the obligation to follow and enforce the adverse possession tax statute as enacted by our legislature, and held that *Echterling* permits substantial compliance to satisfy the requirement of the adverse possession tax statute in boundary disputes where the adverse claimant has a reasonable and good faith belief that the claimant is paying the taxes during the period of adverse possession. *Fraley,* 829 N.E.2d at 493. At the same time, our Supreme Court expressly declined to extend *Echterling* to permit total disregard of the statutory tax payment requirement merely on the grounds that the legal title holder has other clear notice of adverse possession. *Id.*

In the present case, as found by the trial court in its findings of fact issued in Hapner's cause, the Dewarts not only paid taxes on their real estate but also paid all taxes on the Tract. Evidence submitted to the trial court reflects that separate tax duplicates for the Tract were issued yearly in the Dewarts' name upon filing their Affidavit in January of 1961. On the other hand, testimony elicited at trial indicates that both Haab and Hapner thought the Tract was part of their property on which they paid taxes. Haab indicated that he believed the Tract was included within his deeded twenty-three acres on which he pays taxes. Hapner stated that he thought his modular home was placed on his property. Based on this testimony, the trial court found that both "reasonably believed" the land on which they paid taxes included their respective claimed portions of the Tract. (Appellants' App. pp. 11 & 14).

Unlike *Echterling* and *Fraley,* this is not a narrow boundary strip within the margin of ambiguity in the tax records, but rather a several acre tract of land on which only the Dewarts officially paid taxes. As illustrated by the *Echterling* Court's example, this instant case is a far cry from a building foundation encroaching on approximately a foot of a contiguous plot of land. Furthermore, here, we are not confronted with a case of mistake due to imprecision in a tax duplicate or other assessment document. Kosciusko County's records for the Tract clearly denote the set 5.64 acres, as bounded by Haab's, Hapner's, and the Dewart's real property, with the Dewarts' name and address as the owners for the purpose of tax payment.

Accordingly, based on uncontroverted evidence, the Dewarts paid and discharged all taxes due on the Tract. *See* I.C. § 32–21–7–1. Therefore, in light of *Fraley's* rephrased requirements to quiet title for adverse possessors, together with the dearth of evidence regarding the Dewarts' payment of taxes, we conclude that a reasonable trier of fact could not correctly conclude, let alone by clear and convincing evidence, that Haab and Hapner complied with the adverse possession tax statute. Consequently, we reverse the judgment of the trial court and remand with instruction to enter judgment for the Dewarts.[5]

## CONCLUSION

Based on the foregoing, we conclude that the trial court erred by quieting title in favor of Haab and Hapner under a theory of adverse possession.

Reversed and remanded.

VAIDIK, J., and DARDEN, J., concur.

---

5. Although we remand this cause to the trial court, we refrain from deciding, either implicitly or expressly, whether ownership by affidavit vests good and valid title to the Tract in the Dewarts for purposes of the eviction statute.